IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.   04-cv-01931-RPM

ROYAL INSURANCE COMPANY OF AMERICA,

        Plaintiff,

v.

ADMIRAL INSURANCE COMPANY,

        Defendant.
_____

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
_____

        There are no undisputed facts in this case.  Admiral Insurance Company provided comprehensive general liability insurance to Triton Development, LLC, builder of a subdivision of single-family homes in Jefferson County, Colorado, known as Township at Dakota.  Royal Insurance Company of America issued policies to Triton for excess coverage.  The Dakota homeowners sued Triton in Jefferson County District Court for damages based on allegations of construction defects at the Dakota project.  Admiral provided Triton with defense counsel in that action.  The case was settled for an amount in excess of Admiral's applicable policy limits.  Admiral paid approximately $2.6 million toward the settlement and Royal paid $3 million in the settlement.

        Royal and Admiral then joined in suing Triton's subcontractors, exercising their rights of subrogation to Triton's claims.  In the joint action, each of the insurance companies sought reimbursement for the amounts paid in settlement of the Dakota

action and Admiral also sought recovery of its attorney's fees and costs of $1,275,890. The action against the subcontractors was settled in September, 2004, and the settlement fund of approximately $1 million was placed in escrow. The settlement documents did not allocate the settlement funds as between the insurance companies and did not allocate any portion of the settlement proceeds to Admiral's claim for attorney's fees and costs.

In this action, Royal Insurance Company seeks the Court's declaration that the entire escrow fund be paid to it because Admiral was obligated as the primary insurer to provide the costs of the defense which did not reduce Admiral's liability coverage for Triton.

Royal Insurance Company filed a motion for summary judgment to that effect. Admiral has in its response conceded that Royal has a superior right to recover the amount paid in satisfaction of its liability to Triton as the excess coverage carrier, but asserts that Admiral should be permitted to recover the defense costs which it paid. Stated simply, Admiral says that it "is entitled to recover all settlement funds allocated to settling claims for attorney fees and costs."

The settlement of the subcontractors' liability claimed by the insurance companies did not allocate any amount to attorneys' fees and costs just as it did not provide for any division of the proceeds between the two insurance companies. Admiral now wants this Court to make an "equitable allocation" by dividing the settlement funds now in Escrow in an apportionment according to the percentage of dollars that Admiral and Royal are each eligible to recover or split dollar-for-dollar.

Admiral admits that it has no case authority in Colorado to support this equitable claim for apportionment and there is no language in any contract that provides for it.

This dispute is therefore resolved according to the insuring agreements with Triton under which Royal had no obligation to provide defense coverage until the Admiral policies were exhausted and that happened after the settlement of the Dakota action.

Upon the foregoing, it is

ORDERED that the plaintiff's motion for summary judgment is granted and the Clerk shall judgment declaring that Royal Insurance Company of America has the superior right to the proceeds received in the settlement of the action brought against the subcontractors to Triton Development, L.L.C., and the amounts now held in escrow should be paid to Royal Insurance Company of America.

DATED: April 10th , 2006

                          BY THE COURT:

                          s/Richard P. Matsch

                          _____
                          Richard P. Matsch, Senior District Judge